OPINION OF THE COURT
Peter Tom, J.
In this motion plaintiff moves for summary judgment and an order dismissing defendant’s counterclaim.
Plaintiff is in the business of transmitting interstate and foreign telex messages. Defendant, who represents certain out-of-State and foreign hotels, as its agent for marketing and making reservations in the New York metropolitan area, contracted with plaintiff to use its services. Defendant leased plaintiff’s equipment including a telex machine, and initiated certain messages which were transmitted through plaintiff’s network system.
Plaintiff sent defendant an invoice each month which would *31 set forth specific details of each message set by defendant including the rate per minute and the total amount for each message.
During the period between January to November 1986 defendant sent numerous messages to the Dominican Republic. Plaintiff’s invoices for the messages transmitted to the Dominican Republic were billed at 60 cents per minute for each message and the time of the message was computed to the nearest one tenth of a minute. Defendant made all payments pursuant to the invoices.
Plaintiff subsequently ascertained that it misquoted the costs per message unit to defendant and that the correct charge for a telex message to the Dominican Republic is $1.97 per minute and the time of each message should be computed to the next highest whole minute. This was the tariff rate filed by plaintiff with the Federal Communications Commission.
Plaintiff commenced this action against defendant for the difference in the telex charges as based on the correct tariff rates and the charges calculated under the mistaken quotations.
Defendant contends that plaintiff’s delay in billing it has caused its inability to collect the additional charges from its client. The telex messages in issue were made by defendant to its client, the Dominican Concorde Hotel Casino, which was obligated and did pay the initial billings. However, the contract with the hotel has been terminated and defendant no longer represents it. Defendant argues that since this hotel is not subject to the jurisdiction of the courts in the United States and that it has indicated it will not pay the additional charges, defendant, if it does not prevail in this action, would be compelled to pay these charges as a result of plaintiff’s mistaken billing.
A tariff filed with the Federal Communications Commission has the force of a statute and all persons who utilize the services of plaintiff transmitter are bound by the tariff rates. (Western Union Tel. Co. v Esteve Bros. & Co., 256 US 566; Burke v Union Pac. R. R. Co., 226 NY 534.) A departure from the strict enforcement of the tariff would create an undue preference and would constitute a form of discrimination against other customers. (Kansas S. Ry. Co. v Carl, 227 US 639.)
Defendant is bound by the tariff rates as filed by plaintiff with the Federal Communications Commission and the mis *32 quotation of rates by plaintiff cannot relieve defendant from paying the tariff rates as filed with the Commission even when such misquotation has created a hardship upon defendant. (Louisville & Nashville R. R. v Maxwell, 237 US 94.) The application of the tariff must be strictly adhered to so as to prevent unjust discrimination.
Further, the court did not find a period of less than a year to be an undue delay in rebilling defendant for the additional charges.
However, defendant raises an issue as to the amount of charges it owes plaintiff including certain billings and the number of messages made.
Accordingly, that portion of plaintiff’s motion for summary judgment is granted only to the extent of liability. Plaintiff shall place this case on the appropriate calendar for a hearing to assess the amount of damages.
Defendant’s counterclaim is for breach of contract and misrepresentation which defendant relied upon to its detriment. The amount defendant seeks in its counterclaim is the exact amount plaintiff demands in the complaint. Even though defendant frames its counterclaims differently than its affirmative defenses, both pleadings are, in essence, seeking the same relief which is to avoid the payment of the telex charges pursuant to the tariff rates.
Defendant may not seek in a counterclaim what it cannot accomplish in its affirmative defenses. To allow defendant to interpose such a counterclaim would permit defendant to indirectly circumvent the tariff. This should not be permitted since the tariff must be strictly enforced.
That portion of plaintiff’s motion for an order dismissing defendant’s counterclaim is granted.